UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ROBERT LEE HANNING, ET AL.,

    Plaintiffs,

v.

HOMECOMINGS FINANCIAL NETWORKS
ET AL.,

    Defendants.
_____/

Case No. 05-00360

Honorable Nancy G. Edmunds

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [26 & 37] AND FOR SUMMARY JUDGMENT [55]**

In this consumer lending case, Plaintiffs Robert Lee Hanning and Diane Ruth Hanning allege violation of the Michigan Consumer Protection Act, fraud, usury, and violation of an Arizona statute against Defendants Homecomings Financial Networks, Inc., Novastar Mortgage, Inc., and Allied Mortgage Capital Corp., Inc.  For the following reasons, the Court GRANTS Defendants' Motions.

**I.     Background**

On April 22, 2005, Plaintiffs filed a nineteen-count complaint in the Circuit Court of Hillsdale County, Michigan.  Plaintiffs alleged various causes of action against one defendant, Homecomings Financial Network ("Homecomings").  Homecomings removed the case to the United States District Court for the Western District of Michigan.

On June 10, 2005, Homecomings filed a Motion to Dismiss the Complaint.  On July 11, July 29, and August 10, 2005, the Court granted three separate stipulated fourteen-day

extensions of time for Plaintiffs to respond to the pending Motion to Dismiss.[1]  Then, on August 24, 2005, the Court denied without prejudice Homecomings's Motion to Dismiss and granted Plaintiffs' Motion to File an Amended Complaint.

Plaintiffs' Amended Complaint is a streamlined version of their original Complaint.  It abandons fifteen of the original causes of action and adds as a defendant Novastar Mortgage, Inc. ("Novastar"), which "acted as both the mortgagee and broker for the real estate purchase" at issue.  (Doc. 25 at 2.)  The Amended Complaint does not abandon Homecomings, "the successor to Defendant Novastar." (*Id.*)  The four causes of action are (1) Violation of the Michigan Consumer Protection Act, (2) Fraud, (3) Usury, and (4) Violation of the Arizona Mortgage Broker Act.

On September 15, 2005, Homecomings filed a Motion to Dismiss the Amended Complaint.  On November 30, 2005, Novastar filed its own Motion to Dismiss.  On December 9, Plaintiffs filed a Motion to File a Second Amended Complaint, which this Court granted on January 6.  In their Second Amended Complaint, Plaintiffs added a third defendant, Allied Mortgage Capital Corp. ("Allied"), which "acted as the mortgage broker for the real estate purchase" at issue.  (Doc. 48 at 3.)  Plaintiffs also abandoned their claim under the Arizona Mortgage Broker Act and instead claimed a violation of the Michigan Mortgage Broker Act.

This case was scheduled for hearing on Homecomings's and Novastar's Motions to Dismiss on February 22, 2006.  Allied had filed an Answer on February 13, but had not

---

[1]The Court denied as moot Plaintiffs' first Motion for an Extension of Time, as it asked for no more time than was already allowable under court rules and was therefore unnecessary.

2

otherwise taken part in this litigation. Therefore, on February 21, 2006, this Court adjourned the February 22 hearing and ordered Allied to file a motion to dismiss or for summary judgment, so that all motions as to all defendants could be argued and decided at the same time.[2] Allied filed a Motion for Summary Judgment on March 3, 2006.

Now at issue are four claims against three defendants. In Count I, Plaintiffs allege Violations of the Michigan Consumer Protection Act by all defendants. In Count II, Plaintiffs allege Fraud by all defendants. In Count III, Plaintiffs allege Usury by all defendants. And in Count IV, Plaintiffs allege Violation of the Michigan Mortgage Broker Act by Allied only.

## II.  Standard of Review

### A. Motions to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a Complaint. In a light most favorable to Plaintiffs, the court must assume that Plaintiffs' factual allegations are true and determine whether the Complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Federal Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996); *Forest v. United States Postal Serv.*, 97 F.3d 137, 139 (6th Cir. 1996). This standard of review "'requires more than the bare assertion of legal conclusions.'" *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997)

---

[2]The Court also ordered Homecomings and Novastar to address Plaintiffs' claim under the Michigan Mortgage Broker Act. Homecomings and Novastar have apprised the Court, however, that during a January 6, 2006 telephone conference with Magistrate Judge Scoville, Plaintiffs' counsel represented that the claim under the Michigan Mortgage Broker Act applies only to Allied. Hence, Magistrate Judge Scoville did not require Homecomings or Novastar to address this claim. The Court is satisfied that Homecomings and Novastar have fully briefed the issues applicable to their respective motions.

(quoting *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The Complaint must include direct or indirect allegations "respecting all the material elements to sustain a recovery under *some* viable legal theory." *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citations omitted) (emphasis in original).

### B.   Motion for Summary Judgment

Summary judgment is appropriate only when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Id.* at 323. Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, the Court must "construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Id.* The non-moving party may not rest upon its mere allegations, however, but rather "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice. Rather,

there must be evidence on which the jury could reasonably find for the non-moving party. *Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 432 (6th Cir. 2002).

### III. Discussion

#### A. Michigan Consumer Protection Act

In Count I of their Second Amended Complaint, Plaintiffs allege that all Defendants violated the Michigan Consumer Protection Act ("MCPA") in various ways.  The MCPA, however, exempts from liability a "transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States."  Mich. Comp. L. § 445.904(1)(a).

In *Smith v. Globe Life Insurance Co.*, 597 N.W.2d 28 (Mich. 1999), the Michigan Supreme Court explained that the relevant inquiry is "whether the general transaction is specifically authorized by law, regardless of whether the specific misconduct alleged is prohibited."  *Id.* at 38.  In *Smith*, the conduct at issue was the sale of credit life insurance. The court held that the conduct was "specifically authorized" because the defendant had, pursuant to a state statute, submitted the necessary application and certificate of insurance forms to the State Commissioner of Insurance, and had implicitly been approved for the policy.  *Id.* at 36-37.

Plaintiffs rely on *Attorney General v. Diamond Mortgage Co.*, 327 N.W.2d 805 (Mich. 1982), in which the Michigan Supreme Court held that the defendant's "real estate broker's license does not exempt it from the Michigan Consumer Protection Act.  While the license generally authorizes . . . the activities of a real estate broker, it does not specifically authorize the conduct that plaintiff alleges is violative of the Michigan Consumer Protection Act, nor transactions that result from that conduct."  *Id.* at 811.  This reliance is misplaced.

5

As the court explained in *Smith*, "the defendant in *Diamond Mortgage* was not exempt from the MCPA because the transaction at issue, mortgage writing, was not 'specifically authorized' under the defendant's real estate broker's license." 597 N.W.2d at 37.

In the present case, unlike *Diamond Mortgage*, Defendants are not brokers writing mortgages without licenses, but are *licensed mortgage lenders*. (Doc. 27 Ex. B., Doc. Ex. A, Br. of Allied Ex. A1.) Thus, they are specifically authorized by law to have engaged in the "general transaction" now at issue. The subject transactions are therefore exempt under the MCPA. *See Mills v. Equicredit Corp.*, 294 F. Supp. 2d 903, 910 (E.D. Mich. 2003) (improper lending practices claim exempt because defendant bank "was a licensed mortgage lender under a Michigan law that was regulated by the Commissioner of the Office of Financial and Insurance Services of the Department of Consumer and Industry Services"); *Newton v. Bank West*, 686 N.W.2d 491, 493-94 (Mich. Ct. App. 2004) (dismissing plaintiffs' claims of improperly charged mortgage fees because both federal and state banks making residential mortgage loans were engaged in transactions specifically authorized by law).

Because Defendants' general conduct was mortgage lending, which was specifically authorized by law, the Court GRANTS Defendants' Motions as to Count I of the Complaint.

**B. Fraud**

According to Plaintiffs' Complaint, Novastar and Allied were involved in this loan transaction prior to closing. Novastar "acted as both the mortgagee and broker for the real estate purchase that is the subject of this complaint," and Allied "acted as the mortgage broker for the real estate purchase that is the subject of this complaint." (Doc. 48 at 3.)

Homecomings, on the other hand, was not involved before or during the transaction, but "is the successor to Defendant Novastar." (*Id.*)

Plaintiffs' fraud allegations consist of the following:

> 21. The aforementioned actions of the Defendants and violations of the kickback laws constitute fraud in violation of common law.
>
> 22. Furthermore, prior to the closing, the Defendants advised the Plaintiffs that the interest rate on the loan provided by it was the lowest interest rate available to Plaintiffs. Defendants knew, or should have known, that these representations were false, were made with the intent of misleading the Plaintiffs, and in fact Defendants had increased the interest rate to cover the Yield Spread Premium and failed to disclose that increase to the Plaintiffs even though it was material to the transaction.
>
> 23. The representations made by Defendants were reckless and were made with utter disregard concerning falsity
>
> 24. Defendants knowingly concealed the fact that the interest rate had been increased when there was a duty to disclose said increase to the Plaintiffs.
>
> 25. Plaintiffs relied upon these representations of the Defendants to their detriment, causing damages in excess of $10,000.00.
>
> 26. As a direct, proximate, and foreseeable result of Defendants' fraudulent acts, Plaintiffs are subject to loss of property and loss of use of property and other damages as a result of Defendants' actions.

(Doc. 48 at 3-7.)

Federal Rule of Civil Procedure 9(b) states in part, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). The Sixth Circuit requires that a plaintiff pleading fraud must, "at a minimum, . . . allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex, L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993)

(internal citations and quotations omitted).  Moreover, where there are multiple defendants, such as here, a claim must identify who made the alleged misrepresentations.  *Hoover v. Langston Equipment Assoc., Inc.*, 958 F.2d 742, 745 (6th Cir. 1992) (Rule 9(b) not satisfied where "complaint identifies relationships between various of the defendants but it alleges misrepresentations without sufficiently identifying which defendants made them. The complaint does not enable a particular defendant to determine with what it is charged."). Plaintiffs' fraud allegations do not meet these heightened pleading requirements.  Most noteworthy is Plaintiffs' failure to identify the party or parties alleged to have committed the specific fraudulent conduct.

Plaintiffs do not suggest that their complaint satisfies Rule 9(b), or give any reason why Rule 9(b) should not apply.  Instead, Plaintiffs ignore Rule 9(b) entirely,[3] simply pointing out that their fraud claim meets the basic notice pleading requirements of Rule 8(a) because it provides a "short and plain statement of the claim . . . ." Fed. R. Civ. P. 8(a). Given the nature of the allegations in Count II of the Complaint, however, Rule 8(a) is irrelevant.

Because Plaintiffs have not satisfied the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), the Court GRANTS Defendants' Motions as to Count II of the Complaint.  Moreover, because Plaintiffs have had three opportunities to file their

---

[3]Interestingly, however, Plaintiffs misrepresent the fraud allegations in their Complaint in a way that suggests a recognition of Rule 9(b).  While the Complaint refers to the plural "Defendants," Plaintiffs' Response to Allied's Motion for Summary Judgment misquotes the Complaint numerous times as having alleged fraud specifically against a single "Defendant" (presumably Allied). (*See* Doc. 58 at 5.)  If this is an effort by Plaintiffs to rectify their earlier lack of specificity, it fails.

Complaint in conformity with Rule 9(b)—two of which came after Defendants had apprised Plaintiffs of the shortcomings—the Court dismisses Count II WITH PREJUDICE.

### C. Usury

In Count III of their Complaint, Plaintiffs claim that an undisclosed broker's fee was "attributed . . . as interest requiring Plaintiffs to pay a Yield Spread Premium, and was in excess of the legal rate allowed by Michigan law and usury." (Doc. 48 at 7.)

Defendants contend that Plaintiffs' usury claim should be dismissed because although interest rates greater than seven percent per annum are typically prohibited in Michigan, an exception exists for loans secured by a first lien on real property made by a lender regulated by the state or by a federal agency. Defendants cite the following provisions of Michigan's usury statute:

> (2) The parties to a note, bond, or other evidence of indebtedness . . . , the bona fide primary security for which is a first lien against real property . . . , may agree in writing for the payment of any rate of interest . . . .
>
> . . .
>
> (5) The provisions of subsection (2) shall apply only to loans made by lenders approved as a mortgagee under the national housing act . . . , or regulated by the state or by a federal agency, who are authorized by state or federal law to make such loans.

Mich. Comp. L. § 438.31c(2), (5).

There is no dispute that Defendants are lenders "regulated by the state or by a federal agency" and that "the bona fide primary security . . . is a first lien against real property." Based on the plain language of the statute, therefore, Defendants argue that they are exempt from liability. *See Nelson v. Assocs. Fin. Servs. Co. of Ind., Inc.*, 659 N.W.2d 635, 641 (Mich. Ct. App. 2002).

9

Plaintiffs counter, however, that because of Defendants' alleged fraud, Plaintiffs never "agree[d] in writing" to the interest rate: "Defendant [Allied] misrepresented certain facts to the Plaintiffs, including the undisclosed broker's fee and yield spread premium that were financed with the principal loan. Surely, if one of the parties is misinformed, or a term of the loan is not disclosed, they cannot be found to knowingly agree to the loan." (Doc. 58 at 6.) Thus, Plaintiffs contend that the exception to Michigan's usury statute does not apply because they were induced by fraud.

The parties have provided no authority on the issue whether the above exception to Michigan's usury statute applies where a borrower has been fraudulently induced. The Court needs not address the issue, however, since the record demonstrates that Plaintiffs did indeed agree in writing to the interest rate and fees they now challenge. First, Plaintiffs signed a number of documents making clear their consent to pay Allied a 5% mortgage broker fee, which "may . . . be disbursed by the lender from the proceeds of said loan." (Doc. 55 Ex. A3, A4, A5.) One such document states that Plaintiffs may "pay some or all" of the mortgage broker fee "through a higher interest rate, in which [Allied] will be paid directly by the lender." (*Id.* Ex. A2.) Second, Plaintiffs signed a Settlement Statement which states that Allied is entitled to an origination fee of $2930 and a yield spread premium of $879. (*Id.* Ex. A6.) Third, Plaintiffs signed a "Truth-In-Lending Disclosure Statement" listing an annual percentage rate of 11.139%. (*Id.* Ex. A5.) Finally, Plaintiffs' mortgage itself includes an "Adjustable Rate Rider" which states, "The Note provides for an initial interest rate of 9.990%." (*Id.* Ex. C.)

The record makes clear that Plaintiffs "agree[d] in writing" to the interest rate on the mortgage at issue, and each of the defendant lenders was "approved as a mortgagee

under the national housing act . . . , or regulated by the state or by a federal agency, who are authorized by state or federal law to make such loans." Mich. Comp. L. § 438.31c(2), (5). Michigan's usury statute does not apply here, and the Court therefore GRANTS Defendants' Motions as to Count III of the Complaint.

### D. Michigan Mortgage Broker Act

In Count IV of their Complaint, Plaintiffs allege that Allied

> induced, required, and/or permitted documents to be signed by a party to the transaction that contained blank spaces to be filled in after it has been signed; knowingly advertised, displayed, distributed, broadcasted, or televised, and/or caused or permitted to be advertised, displayed, distributed, broadcasted, or televised, false, misleading or deceptive statements or representations with regard to the rates, terms or conditions for a mortgage loan; made false promises and/or misrepresentations or concealed an essential or material fact in the course of business.

(Doc. 48 at 8.)

The Michigan Mortgage Broker Act prohibits a mortgage broker from engaging in "fraud, deceit, or material misrepresentation in connection with any transaction governed by this act." Mich. Comp. L. § 445.1672(b).

For the reasons discussed immediately above, Plaintiffs' assertions are contradicted by the record. In addition to the documents that Plaintiffs signed detailing the charges and interest rates they were required to pay, Allied points out that Plaintiffs signed an "Origination Agreement" which states, "While we seek to assist you in meeting your financial needs, we do not distribute the products of all lenders or investors in the market and cannot guarantee the lowest price or best terms available in the market." (Doc. 55 Ex. A2.)

All of this evidence demonstrates that Plaintiffs were fully apprised of the terms of their mortgage, including all fees and interest rates. Because the evidence settles this issue in favor of Allied, the Court GRANTS Allied's Motion as to Count IV of the Complaint.

## IV.  Conclusion

Being fully advised in the premises, having read the pleadings, and for the reasons set forth above, the Court hereby GRANTS each Defendant's Motion to Dismiss and/or for Summary Judgment and DISMISSES each of Plaintiffs' claims WITH PREJUDICE.

    s/Nancy G. Edmunds
    Nancy G. Edmunds
    United States District Judge

Dated:  June 20, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 20, 2006, by electronic and/or ordinary mail.

    s/Carol A. Hemeyer
    Case Manager